UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHIEF-KEVIN-GREGORY-HAND: EL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW L. MARKOWITZ, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-239 (RMC) |

## ORDER

On February 8, 2006, Plaintiff "Chief-Kevin-Gregory-Hand: El," proceeding *pro se*, filed a complaint styled partly as a petition for a writ of habeas corpus and partly as a claim under 42 U.S.C. § 1986 and various other sections of the U.S. Code. Named as Defendants are Andrew Markowitz and Margaret Gairo of the Philadelphia-based law firm McCabe, Weisberg & Conway, P.C., and Timothy Eller and Laurence Hirsch, the CEO and Chairman, respectively, of Centex Home Equity. Although the complaint itself is literally incomprehensible, the Court gathers from the documents appended thereto that the dispute is somehow related to a prior suit brought by Plaintiff in the Eastern District of Pennsylvania, in which the McCabe firm represented Centex Home Equity.

Plaintiff, who lists his address as 533 South 60th Street, Philadelphia, Pennsylvania 19143, does not appear to be in custody, and the Court is simply unable to decipher either the nature of his claims or the relief he requests. For example, the substance of his complaint begins: "**CONTRACT-DUTY ~1**: FOR THESE TRUTH-CLAIMS OF THIS PARTY'S-KNOWLEDGE ARE WITH THESE LANGUAGE AND COMMUNICATION-CLAIMS OF THESE POSITION-LODIO-FACT [prepositional-phrase]-CONTRACT-DUTIES AND VERB-THINKING WITH THIS

CONVEYANCE OF THIS **T.L.C.M.-TREATY**." Complaint at 3 (emphasis and brackets in original). Likewise, in his prayer for relief, Plaintiff refers to "THE FICTITIOUS-CONVEYANCE OF THESE COMMUNICATIONS FOR THE CONTINOUS OF THE EVIDENCE IN THE FICTION WITH THE COLOR OF THE LAW BY THESE VASSALEES," and demands as damages twenty million dollars in 99.9% pure silver bullion. *Id.* at 10 (emphasis in original).

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b); *Ciralski v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Ciralski*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). This is such a case. Plaintiff's complaint is insufficiently clear to put defendants on notice of the claims against them and, even under the liberal "notice pleading" standards of the Federal Rules, fails to articulate a comprehensible legal or factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished). For these reasons, it is hereby

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 8 and 41, this action is *sua sponte* **DISMISSED** without prejudice; and it is

**FURTHER ORDERED** that Plaintiff shall have until **March 10, 2006**, to file an amended complaint that corrects the deficiencies addressed in this order. If Plaintiff fails to refile

a compliant pleading by that deadline, this action will be dismissed with prejudice.

**SO ORDERED**.


Date: February 10, 2006                                    /s/
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge

Copies to:

Chief-Kevin-Gregory-Hand: El
533 South 60th Street
Philadelphia, PA 19143

Andrew L. Markowitz
McCabe, Weisberg & Conway, P.C.
Suite 2080
123 South Broad Street
Philadelphia, PA 19109