**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CHIEF-KEVIN-GREGORY-HAND: EL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-239 (RMC)** |
| ) | |
| **ANDREW L. MARKOWITZ,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

On April 12, 2006, the Court *sua sponte* dismissed Plaintiff's amended complaint —

with prejudice — because it was "so confused, ambiguous, vague, or otherwise unintelligible that

its true substance, if any, [wa]s well disguised." *See* 4/12/06 Order [Dkt. #4] at 1 (quoting *Ciralski*

*v. CIA*, 355 F.3d 661, 670 n.9 (D.C. Cir. 2004)). Before the Court is Plaintiff's Motion "**FOR THE**

**STOPPAGE AND CORRECTING OF THESE WRONGS IN THE TRUTHFUL-**

**LANGUAGE OR WITH THE VACATING OF THE FICTITIOUS-CITATION/ORDER**,"

Pl.'s Mot. [Dkt. #5] at 1, which the Court construes as a motion to alter or amend its judgment

pursuant to Federal Rule of Civil Procedure 59(e).

The Court will deny Plaintiff's motion as untimely. Rule 59(e) provides that "[a]ny

motion to alter or amend a judgment *shall* be filed no later than 10 days after entry of the judgment."

Fed. R. Civ. P. 59(e) (emphasis added). This language is mandatory: "District courts do not have

even the customary discretion given by [Rule] 6(b) to enlarge the Rule 59(e) period."

*Derrington-Bey v. D.C. Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994). Under Rule

59(e), the last day for filing a motion to alter or amend was April 27, 2006 — which is 10 days,

excluding intermediate weekends and legal holidays,[1] *see* Rule 6(a), from entry of the Court's

April 12 Order dismissing the case with prejudice. Plaintiff's Rule 59(e) motion was not filed until

April 28, 2006 — one day late. Because the Court is without discretion to enlarge this period, it

must deny Plaintiff's motion as untimely. *See Derrington-Bey*, 39 F.3d at 1225.

Even were Plaintiff's Rule 59(e) motion timely, however, the Court would find it

without merit. A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon

which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)

(three-judge panel) (per curiam). Nor is it an avenue for a "losing party . . . to raise new issues that

could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir.

1993). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds

that there is an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296

(D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).

Because the Court remains unable to decipher the substance of Plaintiff's claims — whether in his

complaint, amended complaint, or Rule 59(e) motion — it is unable to conclude that the relevant law

has changed, that new evidence has surfaced, or that it has clearly erred. *See id.* For the same

---

[1] Good Friday, which in 2006 fell on April 14, is not a legal holiday. *See* Fed. R. Civ. P. 6(a); D.C. Code § 1-612.02(a) (2006). By contrast, District of Columbia Emancipation Day, which in 2006 was observed on April 17, is a legal holiday. *See* D.C. Code § 1-612.02(c)(2) (providing that Emancipation Day shall be celebrated on April 16 as a legal public holiday); 52 D.C. Reg. 7189 (2005) (amending D.C. Code § 1-612.02 "to establish that . . . Emancipation Day shall be observed on April 17, 2006, and to add it to the list of legal public holidays"); *see also Batavia v. Fed. Energy Regulatory Comm'n*, 672 F.2d 64, 73 (D.C. Cir. 1982) (looking to D.C. Code § 28-2701 for a list of legal holidays in the District).

reasons, even were the Court to exercise its discretion to treat an untimely Rule 59(e) motion as a

motion under Rule 60(b), *see Computer Prof"ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d

897, 902-03 (D.C. Cir. 1996), it would find no grounds for relief under the latter rule.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion [Dkt. #5], which the Court construes as a motion

to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is **DENIED**.

**SO ORDERED**.


Date: May 2, 2006                                                  /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge


Copies to:

Chief-Kevin-Gregory-Hand: El
533 South 60th Street
Philadelphia, PA 19143

Chief-Kevin-Gregory-Hand: El
P.O. Box 19297
Philadelphia, PA 19143

Andrew L. Markowitz
McCabe, Weisberg & Conway, P.C.
Suite 2080
123 South Broad Street
Philadelphia, PA 19109